NOT DESIGNATED FOR PUBLICATION

No. 113,831

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

GREGORY A. CROUSE,
*Appellee*,

and

KREZZENDA CROUSE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Russell District Court; MIKE KEELEY, judge. Opinion filed July15, 2016. Affirmed.

*Heather R. Fletcher*, of Kennedy Berkley Yarnevich & Williamson Chartered, of Hays, for appellant.

*Gregory A. Crouse*, appellee pro se.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  Gregory A. Crouse and Krezzenda Crouse were issued a decree of divorce on March 18, 2014. On October 27, 2014, the district court entered an order dividing the couple's assets and debts. Krezzenda filed a motion to set aside this order and also a motion for new trial. The district court denied these motions as well as a subsequent motion to alter or amend. Krezzenda appeals arguing that it was an abuse of discretion to deny her motions. Finding no error, we affirm the district court's judgment.

On December 5, 2013, Gregory filed a petition in the district court of Russell County requesting that the court dissolve and terminate his marriage with Krezzenda, make him the residential custodian of their children, divide assets and debts equally

1

between the parties, and award him costs and expenses. On February 10, 2014, the district court found that under the Uniform Child Custody Jurisdiction Enforcement Act, Arizona was the appropriate forum to resolve issues regarding the custody of the children since the children were in Arizona with Krezzenda.

On March 3, 2014, Gregory filed a motion for default judgment because Krezzenda had failed to respond within 30 days of being served with the divorce petition. Krezzenda filed a pro se response to the motion and argued that the case should be dismissed because it would be more convenient for all issues to be litigated in Arizona. On March 18, 2014, the district court granted Gregory a decree of divorce on the grounds of incompatibility. The district court reserved the issues of property and debt division and any award of attorney fees for determination at a later hearing.

On October 23, 2014, the Honorable Ron Svaty held a hearing on the issue of division of property and debt. Gregory was represented by counsel, Jerry Driscoll, and Krezzenda appeared pro se. A copy of Gregory's domestic relations affidavit was provided to Krezzenda prior to the presentation of evidence. Gregory testified that he came into the marriage without any debt and that during the 3-year marriage, his retirement account had been depleted from $120,000 to $15,000. According to Gregory, withdrawals were made from the retirement account to pay attorney fees for Krezzenda's child support case, and they used a 401k loan to pay off debt. Gregory also testified that he paid $6,388 in jointly filed taxes in 2013 out of his retirement fund.

Gregory also compiled a list of debts. The couple had a total debt of $85,999.22 that was incurred during the marriage. Gregory requested that this debt be divided equally between the parties. In addition, Gregory provided the district court with a list of property that was in his possession and requested that the court award him the property. He also provided a list of items in Krezzenda's possession that he requested the court award to him. Gregory requested that he receive a 2000 Toyota Tacoma and a 1998 Toyota

Forerunner, which he possessed prior to the marriage. He also requested that the district court order Krezzenda to reimburse him for the payment of certain expenses. Finally, Gregory requested that Krezzenda pay him $7,000 for his attorney fees.

Krezzenda also testified at trial. She testified that the computer and camera Gregory was requesting were Christmas gifts to her and Gregory still had items that she had requested from him. Krezzenda also claimed she was not in possession of the items Gregory had requested except for a pair of earrings, which she said he had given her as a gift. Krezzenda admitted that Gregory paid their travel expenses to attend her court hearings for failure to pay child support in Nevada. Finally, she requested to see the statements for each of the credit cards and the receipts for all the money Gregory claimed to have spent during the marriage.

At the end of the hearing, the district court awarded all personal property in Kansas to Gregory and all property in Arizona to Krezzenda. The district court ordered Krezzenda to pay half of the 2013 federal and state income taxes. The district court ordered Krezzenda to reimburse Gregory for various expenses he had paid totaling $899.20. The district court also ordered that the couple split the remaining debt in half. Finally, the district court awarded Gregory the $15,000 remaining in the retirement account. The judge directed Driscoll to draft the journal entry.

On October 27, 2014, Driscoll filed a notice that, pursuant to Supreme Court Rule 170 (2015 Kan. Ct. R. Annot. 264), he had sent a copy of the proposed order to Krezzenda and would file the order with the district court if an objection was not received within 14 days after the date of service. The proposed order: (1) awarded Gregory the two vehicles and all other personal property in his possession; (2) awarded Krezzenda all of the personal property in her possession in Arizona; (3) ordered Krezzenda to reimburse Gregory $899.20 for the payment of various expenses; (4) awarded judgment against Krezzenda for $3,194, which is half of the 2013 federal and state income taxes that

3

Gregory paid for the couple; and (5) divided the debt equally between the parties and ordered each party to indemnify the other for any debt paid by a party in excess of their one-half share. The order did not award maintenance to either party, and Gregory's request for attorney's fees was denied.

On November 5, 2014, Krezzenda faxed to Driscoll and the district court her pro se objection to the proposed order. Krezzenda objected that the proposed order was incomplete, inaccurate, and not fully reflective of the trial. Specifically, Krezzenda complained that: (1) Gregory provided facts to the district court that were incomplete and inaccurate; (2) she was not provided with a comprehensive list of assets; (3) she was not provided a copy of the information provided to the district court and was therefore denied an opportunity to properly prepare a response and present evidence at trial; and (4) she was not provided with supporting documentation regarding the validity of the debts. On November 14, 2014, the district court signed and filed Driscoll's proposed order.

Heather R. Fletcher subsequently entered her appearance as Krezzenda's counsel. On December 5, 2014, Krezzenda filed a motion to set aside the order and a motion for new trial. Krezzenda argued a new trial was necessary because: (1) a domestic relations affidavit was not filed with the district court by either party before trial as required by Supreme Court Rule 139 (2015 Kan. Ct. R. Annot. 239); (2) the domestic relations affidavit Gregory provided at trial was unreliable because it was not an accurate representation of the amount in Gregory's retirement account in December 2013, Gregory's monthly income as of December 2013, and the couple's debt; and (3) Supreme Court Rule 170, Rule 133 (2015 Kan. Ct. R. Annot. 234), and Rule 134 (2015 Kan. Ct. R. Annot. 235) had been violated.

On December 9, 2014, Krezzenda filed a motion requesting that Judge Svaty disqualify himself from the case. The district court granted the motion on December 10, 2014. District Judge Mike Keeley held a hearing on Krezzenda's motions on February 25,

4

2015. At the hearing, Krezzenda argued that the district court never awarded the vehicles to Gregory. As for the debt, Krezzenda argued that the district court did not order the indemnification provision. She also argued that there was no domestic relations affidavit on file establishing the couple's debts. Krezzenda reasserted her argument that the order violated Supreme Court Rule 170, 133, and 134. She also alleged that Driscoll and Judge Svaty had engaged in a prohibited ex parte communication.

Gregory argued that there was a domestic relations affidavit on file because he provided a copy to Krezzenda on the morning of trial and submitted it as an exhibit at trial. He denied an inappropriate ex parte communication with the district court. Gregory conceded that the indemnification provision may not have been contained in the district court's order from the bench. Finally, Gregory argued that the two vehicles were included in the district court's ruling that he keep the personal property he possessed.

As for the motion for new trial, Krezzenda argued that a new trial was necessary because there was no evidence supporting the amount of the debts. Krezzenda also complained that she did not receive any of Gregory's exhibits until the day of trial and some exhibits were not provided to her until after trial. Further, Krezzenda alleged that she never received Driscoll's proposed order because it was sent to the wrong zip code; she only lodged a pro se objection after her counsel provided her a copy of the order. Gregory responded that the credit card accounts were already maxed out in December 2013, Krezzenda had access to the accounts, and she should have requested documents showing the balance of the accounts during discovery and before trial. Gregory also claimed that he provided a copy of each exhibit to Krezzenda on the day of trial.

The district court took the matter under advisement and, on March 9, 2015, the district court filed an 11-page memorandum of decision detailing its rulings. The district court denied Krezzenda's motion to set aside the order. The district court ruled that the proposed order complied with Supreme Court Rule 170 because it resolved the objection

5

to the proposed order. Further, the district court found that Supreme Court Rule 133 did not apply because Rule 170 allowed the district court to resolve the objection without a hearing. Finally, the district court found that Rule 134 was satisfied because the record reflected that the order was mailed to Krezzenda by the clerk of the district court.

The district court also denied Krezzenda's motion for new trial, finding that the original division of assets and debts was an informed decision based on the evidence presented at trial. The district court found that Gregory and Krezzenda had the opportunity to complete any discovery before trial and that Krezzenda had chosen not to do so. Finally, the district court found that Gregory was awarded possession of the two vehicles as part of the order that he receive all personal property he possessed in Kansas.

On March 19, 2015, Krezzenda filed a motion for more specific findings of fact and conclusions of law. In response, the district court filed a 9-page journal entry on March 27, 2015, reiterating its findings from the previous memorandum of decision. On April 1, 2015, Krezzenda filed a motion to alter or amend the district court's ruling. The district court denied the motion to alter or amend on April 10, 2015. Krezzenda filed a timely notice of appeal.

On appeal, Krezzenda argues that the district court "erred in denying [her] motion to set aside order, motion for new trial, and motion to alter or amend." Krezzenda does not directly challenge the propriety of the district court's original property division made at the hearing on October 23, 2014. Instead, Krezzenda's complaints fall into one of three basic categories:  (1) the district court failed to comply with Supreme Court Rules 170, 133, and 134 in the manner in which the order was filed; (2) the district court engaged in a prohibited ex parte communication with Gregory's counsel; and (3) Gregory failed to comply with Supreme Court Rule 139 (2015 Kan. Ct. R. Annot. 238) by failing to submit a domestic relations affidavit at trial and by failing to provide supporting documentation for his debts.

6

Krezzenda first argues that the district court failed to comply with Kansas Supreme Court Rule 170 when it adopted Driscoll's proposed order. Specifically, she argues that Rule 170(d)(2) was violated because Driscoll failed to make any reasonable effort to contact her or Fletcher and confer to resolve her objection to the order.

Kansas Supreme Court Rule 170 (2015 Kan. Ct. R. Annot. 264) governs the procedure when a district court directs a party to prepare an order. The rule states in part:

"(a) When the court directs a party to prepare an order, the party must prepare the order in accordance with the court's directions. As used in this rule, 'order' includes a journal entry or other document containing a court ruling.

"(b) A party directed to prepare an order must, not later than 14 days after the court's direction, unless the court specifies a different time:

(1) serve on counsel of record and unrepresented parties not in default for failure to appear a copy of:

(A) the proposed order; and

(B) a notice that, unless an objection is received not later than 14 days after service of the proposed order, the order will be filed with the court; and

(2) file a certificate of service with a copy of the order and notice attached.

"(c) An objection to a proposed order must be served—not later than 14 days after service of the proposal—on the party that drafted it.

"(d)(1) If no objection to a proposed order is served before the expiration of the time under subsection (c) for serving objections, the drafter must submit the original to the court for approval.

(2) If there is an objection, the parties must make a reasonable effort to confer to resolve the objection and, if agreement is reached, the drafter must submit the agreed journal entry to the court for approval. A 'reasonable effort to confer' requires more than sending a communication to the opposing party. It requires that the parties in good faith converse, compare views, and deliberate, or in good faith attempt to do so.

(3) If—after reasonable effort to confer—the parties have not agreed on the terms of the order, the drafter must submit the original draft and the objection to the court and the court must settle the order, with or without a hearing."

7

In *In re Marriage of Anjard*, No. 103,426, 2011 WL 5389679, at *8 (Kan. App. 2011) (unpublished opinion), this court stated the following about Rule 170:

> "The rule is designed to allow the court some assistance in memorializing court orders. [Citation omitted.] The court is always free to draft its own journal entry without any assistance from counsel. By ordering one party to prepare the journal entry and another to review it, the parties can be assured that the journal entry truly reflects the court's order. Enforcement of the rule is left to the sound discretion of the district court, since its whole purpose is to provide assistance to the court. Therefore, for an appellate court to reverse or remand a case due to failure comply with this procedural rule would be rare and we are unable to locate any such Kansas cases."

Here, the record reflects that Driscoll provided proper notice of his Rule 170 order and that there were reasonable efforts of the parties to confer to resolve any objections. Even if Krezzenda may not have had the opportunity to confer with Driscoll about her objections to the proposed order, her objections ultimately were heard by the district court. Because Krezzenda's objections were considered and resolved by the district court, she was not prejudiced by any failure to confer and any such failure was harmless.

Krezzenda also argues that Rule 170 was violated because the proposed order did not accurately reflect the district court's order. First, Krezzenda alleges that Gregory refused to provide her or the district court with documentation that supported the accuracy of the debts he alleged at trial and this made the result of the hearing unfair, prejudicial, and harmful. However, even if this allegation is true, it does not result in a violation of Rule 170. The only inquiry relevant to whether the proposed order violated Rule 170 is whether the proposed order accurately reflected the district court's decision.

Second, Krezzenda alleges that Driscoll was not directed to draft and submit an order pursuant to Rule 170. Krezzenda is correct that the district court directed Driscoll to draft the journal entry but did not explicitly order him to do so pursuant to Rule 170.

However, the fact that there was no explicit directive to prepare the journal entry pursuant to Rule 170 does not prevent the rule from applying. Supreme Court Rule 170(a) is clear that it applies whenever a party is directed to prepare an order, not only when a party is directed to prepare an order pursuant to Rule 170.

Third, Krezzenda argues that the order violates Rule 170's requirement of a certificate of service. Rule 170(b) requires that a party directed to prepare an order file a certificate of service and notice that unless an objection is received no later than 14 days after service of the proposed order, the order will be filed with the court. Here, the record reflects that Driscoll's proposed order included a certificate of service and complied with the notice requirement. Krezzenda's argument on this point is without merit.

Finally, Krezzenda argues that the order was inaccurate because it included the provision that the parties shall indemnify each other if they pay a debt in excess of their one-half share. At the hearing on February 25, 2015, Gregory's counsel conceded that the indemnification provision may not have been contained in the district court's order from the bench. While Krezzenda is correct that the indemnification provision was not included in the ruling from the bench, this inaccuracy does not warrant reversal. First, the district court considered Krezzenda's objection that the proposed order was inaccurate and still decided to sign and file the order. Second, Krezzenda does not provide any argument or reasoning as to how the indemnification provision harms her in any way.

In addition to her claims under Rule 170, Krezzenda argues that the district court violated Kansas Supreme Court Rule 133 when it did not hold oral argument on her objection to the proposed order. Rule 133 states in part that the court must grant a timely request for oral argument unless it states that oral argument would not aid the court materially. However, Rule 170(d)(3) permits the district court to resolve an objection to a proposed order with *or without a hearing*. Moreover, Krezzenda received a subsequent

9

hearing before a second district judge on her objection to the order at which she presented oral argument. There was no violation of Rule 133.

Krezzenda also argues that the district court violated Kansas Supreme Court Rule 134 (2015 Kan. Ct. R. Annot. 235) because she was not served with notice of its ruling denying her objections to the proposed order. Rule 134(a) states: "If the court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling." At the hearing on the motion to set aside the order, the district court stated that notice of the final order had been mailed to Krezzenda by the clerk of the district court. But even if Krezzenda is correct that the notice was not sent, she does not provide any argument as to how this alleged error harmed her. Krezzenda acknowledges that she discovered the ruling in sufficient time to file her motion to set aside the order. In sum, we conclude that Krezzenda is not entitled to any relief based on her claims that the district court failed to comply with Supreme Court Rule 170, Rule 133, and Rule 134.

Next, Krezzenda argues that the district court engaged in a prohibited ex parte communication with Gregory's counsel. The parties do not contest the facts regarding the communication. On November 5, 2014, Krezzenda faxed to Driscoll and the district court her pro se objection to Driscoll's proposed order. Upon receiving the objection, Driscoll had his secretary contact the district court to inquire how the court wanted to proceed concerning the objection. The district court told Driscoll's secretary that the objection was overruled and asked that the proposed order be sent to the court.

Kansas Code of Judicial Conduct Rule 2.9 prohibits a judge from engaging in ex parte communications. However, ex parte communications are permitted if they are for scheduling, administrative, or emergency purposes and do not address substantive matters. Kansas Rule of Judicial Conduct 2.9(A)(1) (2015 Kan. Ct. R. Annot. 759).

10

Interpretation of a Supreme Court Rule is a question of law subject to unlimited review. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013).

Here, the communication between Driscoll's secretary and the court was for scheduling and administrative purposes; there was no substantive discussion of the case. Krezzenda fails to establish how she was prejudiced by the communication in any way. Moreover, the district court subsequently held a hearing to address Krezzenda's objections to the order. We conclude that Krezzenda's claim that the district court engaged in a prohibited ex parte communication is without merit.

Finally, Krezzenda argues that it was an abuse of discretion not to grant her motion for a new trial because she and Gregory did not file a domestic relations affidavit prior to trial as required by Kansas Supreme Court Rule 139. Krezzenda is correct that Rule 139 requires that each party in a divorce proceeding file a domestic relations affidavit with the district court. However, Krezzenda is the only party who did not file a domestic relations affidavit in this case. Gregory presented a domestic relations affidavit to Krezzenda prior to the presentation of any evidence at trial, and the affidavit was received by the court and admitted into evidence.

Krezzenda's primary argument concerning the affidavit is that Gregory failed to provide supporting documentation for his debts. Krezzenda complains that at trial she requested the supporting documents for Gregory's debts, but they were not provided. But as the district court pointed out in denying Krezzenda's motion for new trial, Krezzenda had the opportunity to complete any discovery that she believed was appropriate, but she failed to do so. Krezzenda could have requested Gregory's supporting documentation for his debts through the normal process of discovery, and her failure to do so does not provide grounds for a new trial. We find no reversible error based on Krezzenda's claim that Gregory failed to comply with Supreme Court Rule 139.

11

Affirmed.